1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

CENTRAL DISTRICT OF CALIFORNIA

10
11

|  |  |
|---|---|
| MYRNA LOUISE BARNETT [DECEASED] BY HER SPOUSE MICHAEL KENNETH BARNETT, | ) ) ) ) |

12

Case No. CV 12-09903-JEM

13

MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY

Plaintiff,

14
15

v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

16

Defendant.

17
18

**PROCEEDINGS**

19
20

On November 19, 2012, Myrna Louise Barnett ("Plaintiff" or "Claimant") filed a

21

complaint seeking review of the decision by the Commissioner of Social Security

22

("Commissioner") denying Plaintiff's application for Social Security Disability and

23

Disability Insurance benefits. The Commissioner filed an Answer on July 28, 2014. On

24

November 18, 2014, the parties filed a Joint Stipulation ("JS"). The matter is now ready

25

for decision.

26

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this

27

Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record

28

("AR"), the Court concludes that the Commissioner's decision must be affirmed and this

case dismissed with prejudice.

**BACKGROUND**

Plaintiff, Myrna Louise Barnett, was 63 years old when she passed away on May 23, 2014.  Consequently, Plaintiff's surviving spouse and cohabitant, Michael Kenneth Barnett, is being substituted as a party in her place.

Plaintiff applied for Social Security Disability and Disability Insurance benefits on March 6, 2009, alleging disability beginning August 1, 2004.  (AR 527.)  The ALJ determined that Plaintiff did not engage in substantial gainful activity during the period from her alleged onset date of August 1, 2004 through her date last insured of December 31, 2004.  (AR 529.)

Plaintiff's claim was denied initially on April 17, 2009, and on reconsideration on July 22, 2009.  (AR 527.)  Plaintiff filed a timely request for hearing and on November 12, 2010, the Administrative Law Judge ("ALJ") John L. Geb held a video hearing.  (AR 527.)  Claimant appeared in San Luis Obispo, California, and the ALJ presided over the hearing from Santa Barbara, California.  (AR 527.)  Thereafter, the ALJ scheduled a supplemental hearing by video teleconference on May 2, 2011.  (AR 527.)  Claimant testified at both hearings and was represented by counsel.  (AR 527.)  Medical expert ("ME") Michael S. Gurvey, M.D. and vocational expert ("VE") Abbe May also appeared and testified at the hearings.  (AR 527.)  The ALJ issued an unfavorable decision on May 20, 2011.  (AR 527-533.)  The Appeals Council denied review on October 3, 2012 (AR 28-30) and Plaintiff filed a timely Complaint with the United States District Court on November 19, 2012.  (AR 506-512.)

On January 23, 2013, the parties stipulated to a remand to the ALJ pursuant to Sentence 6 of Section 205(g) of the Social Security Act (AR 513-514) because significant portions of the audio recording from the hearing on May 2, 2011 were inaudible and because an exhibit was missing a page.  (AR 513.)  This Court ordered the case remanded on January 25, 2013.  (AR 515.)  The Appeals Council ordered the case remanded to the ALJ for further hearing on March 5, 2013.  (AR 522.)

2

Subsequent to the remand by this Court and the Appeals Council, a third video teleconference hearing before ALJ Geb was conducted on August 23, 2013 (AR 19-23) and, at the ALJ's request, a fourth video telecorerence hearing was conducted on November 15, 2013. (AR 4.) Claimant appeared and testified in San Luis Obispo, California, and the ALJ presided over the hearing from Santa Barbara, California. (AR 4.) Claimant was represented by counsel. (AR 4.) Also appearing and testifying were ME Eric Schmitter (AR 39, 46) and VE Ann T. Wallace. (AR 4.)

The ALJ issued an unfavorable decision on December 4, 2013. (AR 1-18.) When the Appeals Council declined to assert further jurisdiction, the parties stipulated to reopen this case on June 11, 2014 and it was ordered reopened on June 27, 2014.

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1.  Did the ALJ reject the opinions of Plaintiff's treating physicians without providing specific and legitimate reasons supported by substantial evidence in the record?

2.  Did the ALJ fail to provide adequate reasons for accepting the opinions of a non-examining physician over Plaintiff's treating physicians?

3.  Are the ALJ's Residual Functioning Capacity ("RFC") analyses inconsistent?

4.  Is the ALJ's credibility assessment inadequate?

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).  "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987).  Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746.  An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290.  Third, the ALJ must determine whether the impairment

is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations.  Parra, 481 F.3d at 746.  If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled.  Bowen, 482 U.S. at 141.  Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work.  Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).  Before making the step four determination, the ALJ first must determine the claimant's RFC.  20 C.F.R. § 416.920(e).  The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence."  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).  The RFC must consider all of the claimant's impairments, including those that are not severe.  20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity.  Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).  The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits.  Parra, 481 F.3d at 746.  Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity.  Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).  To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience.  20 C.F.R. § 416.912(g).  If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits.  Id.

/ / /

/ / /

/ / /

1

**THE ALJ DECISION**

2        In this case, the ALJ determined at step one of the sequential process that Plaintiff

3 did not engage in substantial gainful activity during the period from her alleged onset

4 date of August 1, 2004 through her date last insured of December 31, 2004.  (AR 6.)

5        At step two, the ALJ determined that, through the date last insured, Plaintiff had

6 the following medically determinable severe impairments: bilateral hip pain, chronic

7 lumbar back pain without radiculopathy, mild to moderate; shoulder pain with arthritis,

8 but good motion; hand arthritis of the distal joints.  (AR 6-7.)

9        At step three, the ALJ determined that, through the date last insured, Plaintiff did

10 not have an impairment or combination of impairments that meets or medically equals

11 the severity of one of the listed impairments.  (AR 7.)

12        The ALJ then found that, through the date last insured, Plaintiff had the RFC to

13 perform light work as defined in 20 C.F.R. § 404.1567(b) with the following limitations:

14        . . . except lift/carry 10 pounds frequently, 20 pounds occasionally;

15        never carry over 21 pounds; sit 6 hours of an 8 hour day, 4 hours at a

16        time; stand/walk 4 hours of an 8 hour day, 3 hours at a time;

17        occasional reaching bilaterally; continuously handle, finger, feel,

18        push/pull; frequently operate foot controls; frequently climb stair and

19        ramps, slowly; never climb ladders or scaffolds; occasionally balance,

20        stoop, kneel, crouch, crawl; occasionally work at unprotected heights

21        and with moving mechanical parts; occasional exposure to extreme

22        cold and vibrations; frequent exposure to humidity, wetness, dust,

23        fumes, odors and pulmonary irritants and extreme heat; continuously

24        operate a motor vehicle; moderate office noise; unable to walk a block

25        on rough or uneven surfaces at a reasonable pace; and 15 minute-

26        unscheduled disruptions of a regular work schedule up to three times a

27        month.

28

6

1  (AR 7-10.)  In determining the above RFC, the ALJ made an adverse credibility

2  determination.  (AR 8.)

3        At step four, the ALJ found that Plaintiff, through the date last insured, was unable

4  to perform her past relevant work as an accounts payable and administrative assistant.

5  (AR 10.)  The ALJ, however, also found that, considering Claimant's age, education,

6  work experience, and RFC, Claimant had acquired work skills from past relevant work

7  that were transferrable to other occupations with jobs existing in significant numbers in

8  the national economy, including receptionist and information clerk.  (AR 11.)

9        Consequently, the ALJ found that Claimant was not disabled at any time from

10  August 1, 2004, the alleged onset date, through December 31, 2004, the date last

11  insured.  (AR 12.)

12                                        **DISCUSSION**

13        The ALJ decision must be affirmed.  The ALJ properly considered the medical

14  evidence and properly discounted Plaintiff's credibility.  The ALJ's RFC is supported by

15  substantial evidence.  The ALJ's nondisability decision is supported by substantial

16  evidence and free of legal error.

17  **I.      THE ALJ PROPERLY CONSIDERED THE MEDICAL EVIDENCE**

18        **A.      Relevant Federal Law**

19        The ALJ's RFC is not a medical determination but an administrative finding or

20  legal decision reserved to the Commissioner based on consideration of all the relevant

21  evidence, including medical evidence, lay witnesses, and subjective symptoms.  See

22  SSR 96-5p; 20 C.F.R. § 1527(e).  In determining a claimant's RFC, an ALJ must

23  consider all relevant evidence in the record, including medical records, lay evidence, and

24  the effects of symptoms, including pain reasonably attributable to the medical condition.

25  Robbins, 446 F.3d at 883.

26        In evaluating medical opinions, the case law and regulations distinguish among

27  the opinions of three types of physicians:  (1) those who treat the claimant (treating

28  physicians); (2) those who examine but do not treat the claimant (examining physicians);

1 and (3) those who neither examine nor treat the claimant (non-examining, or consulting,

2 physicians).  See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d

3 821, 830 (9th Cir. 1995).  In general, an ALJ must accord special weight to a treating

4 physician's opinion because a treating physician "is employed to cure and has a greater

5 opportunity to know and observe the patient as an individual."  Magallanes v. Bowen,

6 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted).  If a treating source's opinion on the

7 issues of the nature and severity of a claimant's impairments is well-supported by

8 medically acceptable clinical and laboratory diagnostic techniques, and is not

9 inconsistent with other substantial evidence in the case record, the ALJ must give it

10 "controlling weight."  20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

11        Where a treating doctor's opinion is not contradicted by another doctor, it may be

12 rejected only for "clear and convincing" reasons.  Lester, 81 F.3d at 830.  However, if the

13 treating physician's opinion is contradicted by another doctor, such as an examining

14 physician, the ALJ may reject the treating physician's opinion by providing specific,

15 legitimate reasons, supported by substantial evidence in the record.  Lester, 81 F.3d at

16 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir.

17 2002).  Where a treating physician's opinion is contradicted by an examining

18 professional's opinion, the Commissioner may resolve the conflict by relying on the

19 examining physician's opinion if the examining physician's opinion is supported by

20 different, independent clinical findings.  See Andrews v. Shalala, 53 F.3d 1035, 1041

21 (9th Cir. 1995); Orn, 495 F.3d at 632.  Similarly, to reject an uncontradicted opinion of an

22 examining physician, an ALJ must provide clear and convincing reasons.  Bayliss v.

23 Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005).  If an examining physician's opinion is

24 contradicted by another physician's opinion, an ALJ must provide specific and legitimate

25 reasons to reject it.  Id.  However, "[t]he opinion of a non-examining physician cannot by

26 itself constitute substantial evidence that justifies the rejection of the opinion of either an

27 examining physician or a treating physician"; such an opinion may serve as substantial

28

1   evidence only when it is consistent with and supported by other independent evidence in

2   the record.  Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

3        **B.    Analysis**

4        Plaintiff contends that the ALJ failed to provide specific, legitimate reasons for

5   discounting the opinions of Dr. Weinstein and Dr. Thai, and erred in omitting reference to

6   the opinions of Dr. Eibschutz and Dr. Frye.  Plaintiff also contends that the ALJ erred in

7   accepting the opinion of the testifying but non-examining medical expert Dr. Schmitter.

8   The Court disagrees with these contentions.  As the ALJ found, there was a lack of

9   contemporaneous medical evidence demonstrating severe functional limitations that

10  would preclude all work from August 2004 to December 2004.  (AR 8.)

11       Plaintiff relies most heavily on the opinions of her treating orthopedic physician

12  Dr. Michael P. Weinstein.  Plaintiff cites Dr. Weinstein's diagnoses of severe erosive

13  osteoarthritis in her back, neck, knee and hip.  (AR 392-393.)  Dr. Weinstein also

14  diagnosed degenerative changes in Plaintiff's hands and fingers, which were becoming

15  more deformed.  (AR 377.)  Dr. Weinstein submitted Medical Source Statements and

16  letters in 2009 and 2011 opining that Plaintiff had been unable to work since 2004

17  because of the impairments described above.  (AR 392-393, 448, 485, 504-505.)

18  Diagnosis of an impairment, however, is not sufficient to establish disability.  Ukolo v.

19  Barnhart, 420 F.3d 1002, 1006 (9th Cir. 2005).  There must be objective medical

20  evidence of severe functional limitations that would preclude work for a continuous 12

21  month period.  20 C.F.R. § 404.1513; Young v. Sullivan, 911 F.2d 180, 181 (9th Cir.

22  1990).

23       Here, the ALJ determined that Dr. Weinstein's opinion was inconsistent with his

24  treatment notes prior to the date last insured of December 2004.  (AR 10.)  An ALJ may

25  reject a treating physician's opinion that is not supported by or is contradicted by his or

26  her treatment notes.  Batson v. Comm'r, 359 F.3d 1190, 1195 n.3 (9th Cir. 2004);

27  Bayliss, 427 F.3d at 1216.  As to Plaintiff's alleged hand impairments, the ALJ found that

28  Dr. Weinstein's treatment notes from 2004 do not document any loss of range of motion,

1   loss of function or angular deformity.  (AR 8-9.)  As to other alleged limitations involving

2   her back, neck, knee and hip problems, the ALJ noted that Dr. Weinstein's July 30, 2004

3   treatment notes indicate that Plaintiff had been under stress and believed the Plaintiff's

4   complaints would "quiet down" with a home exercise program and Vioxx.  (AR 10, 366.)

5   The ALJ further noted that Dr. Weinstein's treatment notes from August 18, 2004

6   indicate Plaintiff was doing much better and that everything was improving with

7   stretching and exercise.  (AR 10, 365.)  He indicated that Claimant's range of motion

8   was good and her strength normal.  (AR 10, 365.)  Acknowledging an MRI scan showing

9   a disc bulge, he nonetheless found almost no right leg pain.  (AR 7, 365.)  Dr.

10  Weinstein's December 6, 2004 treatment notes indicated Plaintiff had full range of

11  motion in the Claimant's neck and back, and good range of motion in the shoulders, hips

12  and knees.  (AR 10, 364.)  He found her condition stable and noted she takes Vicodin

13  and Soma.  (AR 10, 364.)  Thus, the ALJ concluded that the limitations asserted by

14  Dr. Weinstein in his July 7, 2011 letter (AR 504-505) are not supported by objective

15  findings in the record, such as reduced grip strength, loss of range of motion or joint

16  instability.  (AR 10.)  Plaintiff disputes the ALJ's findings but it is the ALJ's responsibility

17  to resolve conflicts in the medical evidence.  Andrews, 53 F.3d at 1039.  Where the

18  ALJ's interpretation of the record is reasonable as it is here, it should not be second-

19  guessed.  Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).  The ALJ rejected

20  Dr. Weinstein's opinions of disability for specific, legitimate reasons supported by

21  substantial evidence.

22       Dr. Weinstein noted Plaintiff had degenerative changes in her hands at the DIP

23  and PIP joints, and her hands were becoming more deformed.  (AR 377.)  He referred

24  Plaintiff to Dr. Christine Thai, a rheumatologist, in 2004.  (AR 377, 345-48.)  Dr. Thai told

25  Claimant she has pain localized in her hands and decreased range of motion in the neck

26  but no pain and full range of motion in the Claimant's shoulders, elbows, wrists, hips,

27  knees, ankles and feet, (AR 6, 9.)  She noted only mild inflammation in the PIP and DIP

28  joints.  (AR 9, 347.)  She also noted that her hand exam findings were consistent with

1  Heberden's nodes.  (AR 347.)  <u>Dr. Thai never mentioned any functional restrictions</u>.  (AR

2  9.)  The ALJ noted that Dr. Thai's treatment notes did not document any loss of range of

3  motion, function, angular deformity or joint instability in Plaintiff's hands.  (AR 8-9.)

4        Plaintiff is mistaken that the ALJ omitted reference to another rheumatologist,

5  Dr. Eibschutz.  The ALJ specifically mentioned that Dr. Eibschutz diagnosed Heberden's

6  nodes in 2005 (after the date last insured).  (AR 7.)  The ALJ also noted that Claimant

7  reported to Dr. Eibschutz that Plaintiff did not have any significant limitations from a

8  musculoskeletal standpoint.  (AR 7, 39, 353.)  In any event, Dr. Eibschutz' opinion is

9  dated August 26, 2005, after the date last insured, and he did not make any assessment

10 of Plaintiff's limitations.  The ALJ is not required to address every piece of evidence, only

11 probative evidence.  <u>See</u> <u>Howard ex rel Wolff v. Barnhart</u>, 341 F.3d 1006, 1012 (9th Cir.

12 2003).  Thus, any error if there was one was harmless.  <u>Molina v. Astrue</u>, 674 F.3d 1104,

13 1115 (9th Cir. 2012.)  The ALJ, moreover, also noted that in 2010 Plaintiff was found by

14 an orthopedic consultant to have swelling and pain over the Heberden nodes but full

15 range of motion with flexion/extension bilaterally.  (AR 9, 452-453.)  The orthopedic

16 consultant found that Claimant would have no manipulative limitations.  (AR 9, 454.)

17       Plaintiff complains that the ALJ omitted any reference to the opinion of the State

18 Agency reviewing physician, Dr. Frye, that Plaintiff had bilateral manipulative limitations

19 and handling and fingering limitations.  (AR 387.)  This opinion, however, was dated July

20 27, 2009, long after the date last insured, and is contradicted by the examining

21 orthopedist in 2010.  Again, the ALJ is not required to address every piece of evidence,

22 only probative evidence.

23       Plaintiff also challenges the ALJ's reliance on the non-examining medical expert

24 Dr. Schmitter, an orthopedic specialist.  Yet Dr. Schmitter's opinion is substantial

25 evidence because it is consistent with and supported by other independent evidence in

26 the record.  <u>Lester</u>, 81 F.3d at 830-31; <u>Morgan</u>, 169 F.3d at 600.  Here, the ALJ

27 specifically found that Dr. Schmitter relied on medical signs and laboratory findings

28 evidenced in the record.  (AR 10.)  Dr. Schmitter testified at the hearing that the record

1 established that the Claimant had a diagnosis of Heberden's arthritis, a form of erosive

2 osteoarthritis, as opposed to rheumatoid arthritis. (AR 9.) He also noted Dr. Thai was a

3 rheumatologist and Heberden's would generally be treated by an orthopedist, not a

4 rheumatologist, because Heberden's is not a rheumatological condition. (AR 9.)

5 Dr. Schmitter also testified Heberden's arthritis generally does not cause severe pain

6 although in advanced form can cause loss of range of motion. (AR 9.) Plaintiff faults

7 Dr. Schmitter for his failure to formulate opinions as to the severity of Plaintiff's hand and

8 other impairments but the primary point of his testimony was that the lack of proper

9 documentation made such opinions impossible. (AR 60, 64, 72, 76-77, 79, 80, 83, 84,

10 85.) Thus, the ALJ credited Dr. Schmitter's opinions because of his area of

11 specialization and because the limitations he assigned were supported by objective

12 findings on physical examination. (AR 10.)

13    The ALJ rejected the opinions of Dr. Weinstein, Dr. Thai, Dr. Eibschutz and

14 Dr. Frye for specific, legitimate reasons supported by substantial evidence. The ALJ's

15 reliance on Dr. Schmitter's opinion is supported by substantial evidence. Plaintiff

16 disagrees with the ALJ's findings but, again, it is the ALJ's responsibility to resolve

17 conflicts in the medical evidence. Andrews, 53 F.3d at 1039. Where the ALJ's

18 interpretation of the record is reasonable as it is here, it should not be second-guessed.

19  Rollins, 261 F.3d at 857.

20    The ALJ properly considered the medical evidence.

21 **II.    THE ALJ PROPERLY DISCOUNTED PLAINTIFF'S CREDIBILITY**

22    Plaintiff contends the ALJ erred in discounting her credibility. The Court

23 disagrees.

24    **A.    Relevant Federal Law**

25    The test for deciding whether to accept a claimant's subjective symptom testimony

26 turns on whether the claimant produces medical evidence of an impairment that

27 reasonably could be expected to produce the pain or other symptoms alleged. Bunnell

28 v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715,

1  722 (9th Cir. 1998); <u>Smolen</u>, 80 F.3d at 1281-82 esp. n.2.  The Commissioner may not

2  discredit a claimant's testimony on the severity of symptoms merely because they are

3  unsupported by objective medical evidence.  <u>Reddick</u>, 157 F.3d at 722; <u>Bunnell</u>, 947

4  F.2d at 343, 345.  If the ALJ finds the claimant's pain testimony not credible, the ALJ

5  "must specifically make findings which support this conclusion."  <u>Bunnell</u>, 947 F.2d at

6  345.  The ALJ must set forth "findings sufficiently specific to permit the court to conclude

7  that the ALJ did not arbitrarily discredit claimant's testimony."  <u>Thomas</u>, 278 F.3d at 958;

8  <u>see</u> <u>also</u> <u>Rollins</u>, 261 F.3d at 856-57; <u>Bunnell</u>, 947 F.2d at 345-46.  Unless there is

9  evidence of malingering, the ALJ can reject the claimant's testimony about the severity

10  of a claimant's symptoms only by offering "specific, clear and convincing reasons for

11  doing so." <u>Smolen</u>, 80 F.3d at 1283-84; <u>see</u> <u>also</u> <u>Reddick</u>, 157 F.3d at 722.  The ALJ

12  must identify what testimony is not credible and what evidence discredits the testimony.

13  <u>Reddick</u>, 157 F.3d at 722; <u>Smolen</u>, 80 F.3d at 1284.

14      **B.     Analysis**

15      In determining Plaintiff's RFC, the ALJ concluded that Claimant's medically

16  determinable impairments reasonably could be expected to cause her alleged

17  symptoms.  (AR 8.)  The ALJ, however, also found that Claimant's statements

18  concerning the intensity, persistence and limiting effects of these symptoms are "not

19  entirely credible" as to her condition in 2004.  (AR 8.)  Because the ALJ did not make

20  any finding of malingering, he was required to provide clear and convincing reasons

21  supported by substantial evidence for discounting Plaintiff's credibility.  <u>Smolen</u>, 80 F.3d

22  at 1283-84.  The ALJ did so.

23      First, the ALJ's primary conclusion is that there is a "lack of contemporaneous

24  medical evidence demonstrating any functional limitations" in 2004, and the limitations

25  alleged by Plaintiff are "not supported by objective findings in the record."  (AR 8, 10.)

26  An ALJ is permitted to consider whether there is a lack of medical evidence to

27  corroborate a claimant's alleged pain symptoms so long as it is not the only reason for

28

1   discounting a claimant's credibility.  Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir.

2   2005).

3        Second, the ALJ found that Plaintiff's daily activities are inconsistent with disabling

4   limitations, which is a legitimate consideration in evaluating credibility.  Bunnell, 947 F.2d

5   at 345-46.  Here, the ALJ noted two references in the record to Claimant gardening in

6   2005 and 2010.  (AR 9, 354, 436.)  The ALJ found that, if Claimant's hands and hips

7   were as painful as alleged, "she certainly would have been restricted from such a

8   physical and manipulative activity as gardening." (AR 9.)  The ALJ also noted

9   Claimant's statement in 2005 that she did not have any significant limitations from a

10  musculoskeletal standpoint.  (AR 9.)  The ALJ further found that Claimant reported

11  cooking in 2010, an activity requiring substantial use of the Claimant's hands.  (AR 9.)

12  Plaintiff argues that the activities cited do not prove she can work but they do suggest

13  Claimant has greater functional abilities than alleged.  See Valentine v. Comm'r, 574

14  F.3d 685, 694 (9th Cir. 2009).

15       Third, the ALJ found that Claimant stopped working for reasons not solely due to

16  her impairments.  (AR 9.)  Claimant stated she stopped working to raise her son and did

17  not apply for disability until the economy crashed in 2009.  (AR 9-10.)  This is a

18  legitimate consideration in weighing credibility.  Tommasetti v. Astrue, 533 F.3d 1035,

19  1040 (9th Cir. 2008) (credibility properly discounted where diabetes not reason Claimant

20  stopped working).

21       Plaintiff disputes the ALJ's adverse credibility finding but again it is the ALJ's

22  responsibility to resolve ambiguities in the record.  Andrews, 53 F.3d. at 1939.  Where

23  the ALJ's interpretation of the record is reasonable as it is here, it should not be second-

24  guessed.  Rollins, 261 F.3d at 8 57.

25  **III.   THE ALJ'S RFC IS SUPPORTED BY SUBSTANTIAL EVIDENCE**

26       Plaintiff contends that the medical evidence supplied by her treating physicians as

27  well as her own testimony establishes that in 2004 she was experiencing severe erosive

28  osteoarthritis in her hands, with increasing deformity and pain.  Plaintiff further contends

that this evidence is inconsistent with the ALJ's light work RFC that would permit Plaintiff to perform the jobs of receptionist and information clerk.

The simple answer to Plaintiff's contention is that the ALJ gave little weight to Plaintiff's treating physicians and discounted Plaintiff's subjective symptoms, as set forth above. The ALJ was not required to incorporate in his RFC evidence that was discounted. Batson, 359 F.3d at 1197. The ALJ's RFC properly took into account all of the limitations the ALJ found credible and supported by substantial evidence, as required. Bayliss, 427 F.3d at 1217-18. The ALJ also properly relied on the VE's testimony as to what jobs in the national economy that Plaintiff could perform. There was no error in the ALJ's RFC or in his conclusion that with the RFC he assessed Plaintiff could perform the jobs of receptionist and information clerk.

The ALJ's RFC is supported by substantial evidence. The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: February 5, 2015                     _/s/ John E. McDermott_____
                                            JOHN E. MCDERMOTT
                                            UNITED STATES MAGISTRATE JUDGE